# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| PERRY D. LOCKRIDGE,<br>     Petitioner, | Case No. 1:16-cv-674 |
| | Barrett, J. |
|      vs. | Bowman, M.J. |
| STATE OF OHIO, | **ORDER AND REPORT AND RECOMMENDATION** |
|      Respondent. | |

Petitioner, an inmate at the Allen Oakwood Correctional Facility, in Lima, Ohio, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1995 Hamilton County, Ohio, convictions and sentence for aggravated murder, aggravated robbery, and robbery.  (*See* Doc. 5, PageID# 26; *see also* Doc. 9, Ex. 1).  This matter is now before the Court on respondent's motion to dismiss or in the alternative to transfer the petition to the United States Court of Appeals for the Sixth Circuit because it is a successive petition within the meaning of 28 U.S.C. § 2244(b), which this Court lacks jurisdiction to consider without prior circuit court authorization.  (*See* Doc. 10).  Petitioner has filed a response in opposition to the respondent's motion, which is titled, in part, as a "Motion to Amend."  (*See* Docs. 13 & 14).  Petitioner has also filed a "Motion to Release Petitioner-Movant" and a "Motion to Compel Discovery of Criminal Records of State Witnesses and Deals by the State."  (*See* Docs. 7 & 12).

For the reasons that follow, it is recommended that respondent's motion to dismiss (Doc. 10) be **GRANTED** to the extent that the petition be transferred the United States Court of Appeals for the Sixth Circuit.  Further, petitioner's motion to amend (Doc. 14) is **GRANTED** and his claims as clarified through his response in opposition to respondent's motion have been considered in the Court's adjudication of respondent's motion to dismiss.[1]  In light of the Court's

---

[1] *See* Fed. R. Civ. P. 15(a)(2); *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (providing that Fed. R. Civ. P. 15

recommendation to transfer the petition to the Sixth Circuit, petitioner's motions to release

petitioner-movant and to compel discovery (Docs. 7 & 12) are **DENIED** as moot.

## I.        BACKGROUND

### Petitioner's Convictions

In 1995, a jury convicted petitioner of aggravated murder, in violation of Ohio Rev. Code

§ 2903.02; aggravated robbery, in violation of Ohio Rev. Code § 2911.01; and robbery, in

violation of Ohio Rev. Code § 2911.02, with specifications.  (*See* Doc. 9, Ex. 1).  He was

sentenced to a total prison sentence of life imprisonment in the Ohio Department of Corrections

with no parole eligibility for thirty years on the aggravated murder and aggravated robbery

convictions.  No sentence was imposed for the robbery conviction because it merged with the

aggravated robbery conviction.  (*See id*.).  His convictions and sentence were affirmed on direct

appeal, *State v. Lockridge*, No. C-950232, 1996 WL 400506 (Ohio App. June 5, 1996), and the

Ohio Supreme Court denied leave to appeal, *State v. Lockridge*, 673 N.E.2d 137 (Ohio 1996)

(table).  Thereafter, petitioner pursued unsuccessful efforts for post-conviction relief.  *See*

*Lockridge v. Russell*, No. C-1-99-1030 (S.D. Ohio April 27, 2000) (Weber, J.) (setting forth

procedural history) (Doc. 9, Ex. 5).

### Petitioner's First Federal Habeas Corpus Petition

In 1999, petitioner, then acting through counsel, filed a federal habeas petition (his first)

raising the following grounds for relief:  (1) the trial court erroneously instructed the jury during

voir dire and criticized defense counsel in front of the jury for objecting to the erroneous

---

applies to federal habeas corpus proceedings).

instruction; (2) the trial court erroneously denied petitioner's *Batson*[2] challenges to the state's use of two of its three peremptory strikes; (3) the trial court erroneously admitted prior incriminating statements by petitioner that the state failed to disclose during discovery; (4) the trial court erroneously treated the transcripts of petitioner's prior statements differently than the transcripts of a state witness's prior statements; (5) the trial court violated petitioner's right to due process by acting as an advocate for the state; and (6) the cumulative effect of the above errors violated petitioner's due process rights. (Doc. 9, Ex. 4, PageID# 55-66). On April 27, 2000, the district court dismissed the petition with prejudice because it was barred by the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d). *Lockridge*, No. C-1-99-1030, pp. 3-8 (Doc. 9, Ex. 5). Petitioner did not appeal.

In 2005, petitioner filed a pro se motion in the district court for a certificate of appealability. (*See id*., Ex. 7). The district court denied the motion, explaining that it had already denied petitioner a certificate of appealability in its April 27, 2000 order. (*See id*., Ex. 8). Petitioner did not appeal. In 2008, petitioner filed a motion under Federal Rule of Civil Procedure 60(b) for relief from judgment. (*See id*., Ex. 9). The district court denied the motion because petitioner failed to allege any facts suggesting that relief from judgment was warranted. (*See id*., Ex. 10). Petitioner did not appeal. In 2009, petitioner filed a motion for reconsideration (*see id*., Ex. 11), which the district court denied as merely rearguing previously rejected arguments (*see id*., Ex. 12). Petitioner again did not appeal.

### Petitioner's Return to the State Courts

In 2012, petitioner returned to the state courts, filing a pro se motion to void his

---

[2] *See Batson v. Kentucky*, 476 U.S. 79 (1986).

3

convictions as unconstitutional under *Batson*. (*See* Doc. 9, Ex. 13). The trial court denied the motion on April 12, 2012, as barred by the doctrine of res judicata. (*See id*., Ex. 14). It does not appear from the record before the Court that petitioner appealed the trial court's April 12, 2012, decision. In 2015, petitioner filed a motion to vacate his sentence, arguing, in part, that his convictions and sentence violated the prohibition in Ohio Rev. Code § 2941.25 against multiple punishments for allied offenses of similar import. (*See id*., Ex. 15). The trial court denied the motion on January 21, 2016, as meritless. (*See id*., Ex. 16). It does not appear from the record before the Court that petitioner appealed the trial court's January 21, 2016, decision. In 2016, petitioner filed a motion for leave and a second motion to vacate his sentence, again arguing, in part, that his convictions and sentence violated Ohio Rev. Code § 2941.25. (*See id*., Ex. 17 & 18). The trial court denied the motion on June 30, 2016, as being "not well taken." (*See id*., Ex. 19). As before, it does not appear that petitioner appealed the trial court's June 30, 2016, decision.

In 2015, petitioner also filed a pro se state petition for habeas corpus relief, claiming that (1) "the trial court commit[ted] reversible error in allowing the prospective jurors to be banished from the jury during voir dire due to their belief or stand in regard to serve [sic] punishment or the death penalty"; (2) "[a] sentence of the death penalty or thirty to life cannot be honored if the jury was chosen from a jury that was chosen only from members that would, if necessary impose the death penalty"; and (3) the jury was "drawn from prospective jury members who entotal [sic] wanted or could vote for the death penalty and serve [sic] punishments." (Doc. 9, Ex. 20, PageID# 144). The trial court denied the petition on August 4, 2015, because the issues were "matters appropriately raised on direct appeal or in a motion for post-conviction relief" and the

petition failed to comply with the requirements of the Ohio Revised Code. (*Id*., Ex. 21). Petitioner apparently appealed the trial court's August 4, 2015, denial of his state habeas petition, but the Ohio Court of Appeals dismissed the appeal because petitioner failed to file a timely appellant's brief. (*See id*., Ex. 22).

## II.     CURRENT FEDERAL HABEAS PETITION

Petitioner filed the instant petition for federal habeas relief (his second) in July 2016. In the petition, he challenges his 1995 Hamilton County, Ohio, convictions and sentence for aggravated murder, aggravated robbery, and robbery on the grounds that: (1) his indictment was defective because it did not allege the mens rea elements of his crimes; (2) his double-jeopardy rights were violated because aggravated murder, aggravated robbery, and robbery are allied offenses of similar import under Ohio Rev. Code § 2941.25; (3) trial and appellate counsel performed ineffectively in various ways; and (4) the state "knowingly and willingly us[ed] perjured testimony against him." (Doc. 5, PageID# 28-33; Doc. 13, PageID# 162-67).

Pursuant to 28 U.S.C. § 2244(b)(1), the federal district court must dismiss a claim presented in a second or successive habeas corpus petition that was raised in a prior petition. In addition, the court must dismiss a claim presented in a second or successive petition, which the petitioner did not include in the prior petition, unless: (1)(a) petitioner shows the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (b) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; and (2) the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional

error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Before the district court may consider a successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals.  28 U.S.C. § 2244(b)(3).  The court of appeals may authorize the district court to consider a successive petition only if petitioner makes the *prima facie* showing described above.  *Id.  See Magwood v. Patterson*, 561 U.S. 320, 330–31 (2010); *In re Cook,* 215 F.3d 606, 607 (6th Cir. 2000). The subsequent petition must relate to the same conviction or sentence under attack in the prior petition to be "successive" within the meaning of the statute.  *See In re Page,* 179 F.3d 1024, 1025 (7th Cir. 1999) (and cases cited therein).  However, not all subsequent petitions relating to the same conviction or sentence are considered successive.  *See Stewart v. Martinez-Villareal,* 523 U.S. 637 (1998).  Otherwise, "a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review."  *Id.* at 645.

Courts have held that a later petition is not successive where the first petition was dismissed as premature, *see id.*; the first petition was dismissed without prejudice for failure to exhaust state court remedies, *see Slack v. McDaniel,* 529 U.S. 473, 485-86 (2000); *Carlson v. Pitcher,* 137 F.3d 416 (6th Cir. 1998); the second petition was filed after a remedial appeal ordered in response to the prior petition, *see Storey v. Vasbinder*, 657 F.3d 372, 377-78 (6th Cir. 2011); or the first petition was dismissed because petitioner failed to either pay the filing fee or provide proper support for his application for pauper status, *see Stewart,* 523 U.S. at 645 (citing *Marsh v. United States Dist. Court for the N. Dist. of California,* No. C-94-0581-VRW, 1995 WL 23942 (N.D. Cal. Jan. 9, 1995)).  In all of those contexts, the district court had jurisdiction to

6

consider the subsequent petitions without first obtaining authorization from the court of appeals, because the prior dispositions were not "on the merits." *See Slack,* 529 U.S. at 485-86; *Carlson,* 137 F.3d at 419; *Camarano v. Irvin,* 98 F.3d 44, 46-47 (2nd Cir. 1996); *cf. Storey*, 657 F.3d at 377-78 (where initial petition involved disposition of only one constitutional claim—*i.e.,* whether the petitioner was entitled to a new direct appeal).

In contrast, when a prior petition is dismissed because the petitioner procedurally defaulted his claims in state court, the dismissal qualifies as a decision "on the merits."  In such a case, the prisoner must obtain authorization from the court of appeals pursuant to § 2244(b)(3) before filing a subsequent federal habeas application.  *In re Cook,* 215 F.3d 606, 608 (6th Cir. 2000); *Carter v. United States,* 150 F.3d 202, 205-06 (2nd Cir. 1998).  Similarly, when the prior petition is dismissed on the ground that it is barred by the statute of limitations, the dismissal is an adjudication of the merits of the claims, and petitioner must obtain prior authorization from the court of appeals entitling him to file a subsequent petition for habeas corpus relief.  *See, e.g., McNabb v. Yates,* 576 F.3d 1028, 1030 (9th Cir. 2009); *Murray v. Greiner,* 394 F.3d 78, 81 (2nd Cir. 2005); *Altman v. Benik,* 337 F.3d 764, 766 (7th Cir. 2003); *Staffney v. Booker,* No. 2:09cv14553, 2009 WL 4506425, at *1 (E.D. Mich. Nov. 25, 2009) (transferring the petition to the Sixth Circuit as a successive petition).[3]

The Supreme Court has held that a habeas corpus petition is not successive and § 2244(b) does not apply when it is the first application challenging a new judgment, such as a new sentence imposed on resentencing, that occurs between habeas proceedings.  *See Magwood v.*

---

[3] *Contrast Gonzalez v. Crosby,* 545 U.S. 524, 535-36 (2005) (a motion for relief from judgment under Fed. R. Civ. P. 60(b), which "challenges only the District Court's previous ruling on the AEDPA statute of limitations, ... is not the equivalent of a successive habeas petition").

*Patterson*, 561 U.S. 320, 331-39 (2010).  Although the *Magwood* Court expressly declined to address whether the petitioner is allowed to challenge "not only his resulting, *new* sentence, but also his original, *undisturbed* conviction" in the subsequent application, *see id.* at 342 (emphasis in original), the Sixth Circuit has held that "a new judgment" entered following an intervening proceeding, such as resentencing, "permits the inmate to challenge the original conviction," as well as the intervening new judgment, "without clearing the second-or-successive hurdles." *King v. Morgan*, 807 F.3d 154, 159 (6th Cir. 2015), *reversing*, No. 1:12cv2000, 2013 WL 5531365 (N.D. Ohio Sept. 26, 2013); *see also In re Stansell,* 828 F.3d 412, 416 (6th Cir. 2016).

In this case, petitioner is attacking the same convictions and sentence challenged in his prior petition,[4] which the court adjudicated on the merits.  To the extent that petitioner raises claims that were presented in petitioner's prior habeas petition, these claims are successive under § 2244(b)(1).  With respect to any new claims presented in the instant petition, petitioner has not argued nor does it appear that petitioner's claims rely on a new rule of constitutional law, made

---

[4] It is noted that in an unpublished decision filed after *King*, but before *In re Stansell*, the Sixth Circuit pointed out that *King* "did not exclude the possibility that minor amendments to a judgment, such as those that correct clerical or technical errors while leaving a petitioner's conviction and sentence intact, may not create a new 'judgment' within the meaning of *Magwood*." *Askew v. Bradshaw*, 636 F. App'x 342, 348 (6th Cir. 2016).  In so emphasizing, the court stated:  "Indeed, in *In re Mackey*, No. 13-3072 (6th Cir. June 26, 2014), we held in an unpublished order that an Ohio court's reopening of a petitioner's sentence merely to enter post-release conditions of control was a simple 'correct[ion] [of] a technical error' that did not save the petitioner's subsequent second-in-time habeas application from the requirements of 28 U.S.C. § 2244(b)." *Id. Askew* was recently undercut by the Sixth Circuit in *In re Stansell* to the extent that the Sixth Circuit expressly rejected the State's arguments that "only a full resentencing results in a new judgment" and that amendments to post-release control are merely "ministerial change[s]" or "technical correction[s]" that "do not alter the substance of [the petitioner's] sentence and thus do[] not create a new judgment." *In re Stansell*, 828 F.3d at 417.  In the later published decision, the Sixth Circuit held that even in cases where a sentence is only partially vacated and remanded for resentencing for the sole purpose of adding a term of post-release control, the change in sentence is a new judgment that does not implicate successive-petition concerns. *See id.* at 418.  In so ruling, however, the court emphasized that "we do not imply that *any* change to a petitioner's sentence reopens the door to successive habeas filings; we hold only that a partial resentencing that results in the imposition of post-release control is the *type* of change that creates a new judgment for purposes of the second or successive bar." *Id.* at 419 (emphasis in original).

retroactive to cases on collateral review by the Supreme Court or that the factual basis for the claim could not have been discovered previously.  In such a case, the prisoner must obtain authorization from the court of appeals pursuant to § 2244(b)(3) before filing a subsequent habeas application.  Therefore, the instant petition is a second or successive petition within the meaning of 28 U.S.C. § 2244(b), and this Court lacks jurisdiction to consider it without petitioner's first obtaining authorization from the Sixth Circuit.[5]

Accordingly, the undersigned concludes that petitioner's petition for a writ of habeas corpus is "successive" within the meaning of § 2244(b) because petitioner's prior habeas petition was adjudicated on the merits and petitioner is not contesting any "new judgment" in this proceeding.  Moreover, as to petitioner's new claims for relief in the instant petition, the claims are successive under 28 U.S.C. § 2244(b)(2) because petitioner has not shown they rely on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable, or that the factual basis for the claims could not have been discovered previously through the exercise of due diligence.

In sum, because the instant habeas corpus petition is successive within the meaning of 28

---

[5] Petitioner may argue that his petition is not successive to the extent his double-jeopardy claim stems from *State v. Johnson*, 942 N.E.2d 1061 (Ohio 2010), in which the Ohio Supreme Court established a new test for determining whether charged offenses are allied offenses of similar import pursuant to Ohio Rev. Code § 2941.25. However, courts have uniformly concluded that a subsequent change in the law does not allow a petitioner to avoid the requirements of § 2244(b).  *See Keeling v. Warden*, No. 1:08-cv-231, 2015 WL 11854550, *6 (S.D. Ohio Oct. 30, 2015) (Litkovitz, M.J.) (Report & Recommendation), *adopted*, 2016 WL 4447783 (S.D. Ohio Aug. 24, 2016) (Barrett, J).  Moreover, to the extent that petitioner bases his double-jeopardy claim on a violation of state law, such a claim does not constitute a cognizable ground for federal habeas relief.  The federal habeas court has jurisdiction to review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States.  *See* 28 U.S.C. § 2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions").  Further, to the extent petitioner challenges the state court's denial of his 2015 and 2016 post-conviction motions seeking relief, in relevant part, under Ohio Rev. Code § 2941.25, "errors in post-conviction proceedings are outside the scope of federal habeas corpus review."  *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007).

U.S.C. § 2244(b), this Court lacks jurisdiction to consider it in the absence of prior authorization by the Sixth Circuit.  When a prisoner has filed a successive petition for habeas corpus relief in the district court without first obtaining authorization from the Court of Appeals, the district court in the interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the Sixth Circuit for consideration as required under § 2244(b)(3).  *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (citing *Liriano v. United States,* 95 F.3d 119, 122 (2nd Cir. 1996)); *see also Withers v. Warden, Chillicothe Corr. Inst.*, No. 2:15cv129, 2015 WL 965674, at *2-3 (S.D. Ohio Mar. 4, 2015) (Kemp, M.J.), *adopted*, 2015 WL 1212556 (S.D. Ohio Mar. 16, 2015) (Economus, J.).  Therefore, respondent's motion to dismiss should be **GRANTED** to the extent that the petition be transferred to the Sixth Circuit for review and determination whether the district court should be granted authorization to entertain it.  (*See* Doc. 10).  Petitioner's motion to amend his current federal habeas petition in order to clarify his claims (*see* Doc. 14, PageID# 168) is **GRANTED**.  Petitioner's motions to release petitioner-movant and to compel discovery (Docs. 7 & 12) are **DENIED** as moot in light of the recommendation to transfer his petition.

## IT IS THEREFORE RECOMMENDED THAT:

Because this Court lacks jurisdiction in this matter involving a successive habeas petition, within the meaning of 28 U.S.C. § 2244(b), respondent's motion to dismiss the petition (Doc. 10) be **GRANTED** to the extent that the petition be transferred pursuant to 28 U.S.C. § 1631 to the United States Court of Appeals for the Sixth Circuit for review and determination whether the District Court may consider the successive claims for relief.

## IT IS THEREFORE ORDERED THAT:

Petitioner's motion to amend his petition in order to clarify his claims (Doc. 14) is

**GRANTED**.  Consistent with the above recommendation to transfer petitioner's petition,

petitioner's motions for release and for discovery (Docs. 7 & 12) are **DENIED** as moot.


_s/Stephanie K. Bowman_
Stephanie K. Bowman
United States Magistrate Judge

11

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

PERRY D. LOCKRIDGE,                      Case No. 1:16-cv-674
      Petitioner,

                                     Barrett, J.
      vs.                                Bowman, M.J.

STATE OF OHIO,
      Respondent.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.   This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).